UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ELISE SPENCER,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**DOCNETWORK, INC.,**<br><br>　　　　Defendant. | 2-24-CV-13207-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER PARTIALLY GRANTING AND PARTIALLY DENYING DEFENDANT'S MOTION TO DISMISS**<br>**(ECF NO. 4)** |

　　　Plaintiff Elise Spencer brings this lawsuit against her former employer, Defendant DocNetwork, Inc. ("DocNetwork"), for unlawfully discriminating and retaliating against her in violation of federal and state law. DocNetwork filed a Motion to Dismiss Plaintiff's claims. After carefully reviewing the claims and the law, the Court concludes that Spencer's claims for discrimination must be dismissed without prejudice, but that Spencer's Complaint stated claims for Title VII, ELCRA, and FLSA retaliation. Consequently, DocNetwork's Motion to Dismiss will be **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

　　　Beginning in September of 2022, Spencer worked for DocNetwork as an "instructional designer", creating training content for clients and staff using multiple forms of media. ECF No. 1, PageID.3. Her salary was $62,500. *Id.* The Complaint alleges that Spencer received "positive feedback from her managers and worked well with her team." *Id.* Along

with these duties, Spencer was also a member of a subcommittee at DocNetwork which "sought to improve the representation of women and people of color at work[.]" *Id.* She advocated for diversity, equity, and inclusion initiatives at the company. *Id.*

Spencer "made her voice heard on these issues" according to the Complaint, and on March 8, 2023, "she ruffled feathers when she pointed out the company had few women in management." *Id.* The Complaint claims that Spencer "continued to speak out about these issues," and that "a few weeks before her eventual termination, her manager criticized her for the way she spoke to the company's owner about the lack of representation of women in management." *Id.* at 4.

At a training team meeting on November 15, 2023, Spencer's training manager, Phil Owen, directed Spencer to read a book on her own time—without any extra pay for doing so after hours—and to be prepared to discuss it at work. *Id.* According to the Complaint, Spencer "expressed opposition to this, politely declining to do so if it was uncompensated, and [said] that it wouldn't be the best use of her time." *Id.*

The following day, November 16, 2024, Spencer was called to a meeting with Mr. Owen and informed that she was being terminated from her job "for not being sufficiently 'mindful' or practicing 'mindfulness.'" *Id.*

On December 3, 2024, Spencer filed a lawsuit against DocNetwork, claiming that DocNetwork unlawfully discriminated against her based

2

on her sex, in violation of Title VII of the Civil Rights Act and Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"); unlawfully retaliated against her under Title VII and ELCRA; and unlawfully retaliated against her under the Fair Labor Standards Act ("FLSA"). ECF No. 1, PageID.4-7.

On January 31, 2025, DocNetwork filed a Motion to Dismiss Spencer's Complaint. ECF No. 4. Spencer filed a Response on February 21, 2025, ECF No. 5, and DocNetwork filed a Reply on March 6, 2025.

## II. STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," the Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true," *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012), and determine whether it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Ready v. Ford Motor Co.*, 848 F.2d 193 (Table), 1988 WL 41153, at *4 (6th Cir. 1988). Though this standard is liberal, it requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to support their grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. ANALYSIS

**A. Spencer Fails to State a Claim for Discrimination under Title VII and ELCRA**

Spencer claims that DocNetwork discriminated against her because of her sex, in violation of Title VII of the Civil Rights Act, and in violation of ELCRA. ECF No. 1, PageID.4-5, PageID.6. Spencer suggests that this is "a case of indirect sex discrimination," which the Court interprets as stating that the evidence of sex discrimination is circumstantial. ECF No. 5, PageID.46. Indeed, the Complaint does not allege direct evidence of discrimination.

To establish a prima facie case of gender discrimination under Title VII using circumstantial evidence, Spencer must show that "(1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably." *Vincent v. Brewer Co.*, 514 F.3d 489, 495 (6th Cir. 2007) (*quoting Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004)). Michigan's standard under ELCRA is slightly different: its fourth element is simply that "others, similarly situated and outside the protected class, were unaffected by the employer's adverse conduct." *City of Wayne v. Miller*, No. 364138, 2024

4

WL 2868698, at *3 (Mich. Ct. App. June 6, 2024), appeal dismissed, 14 N.W.3d 271 (Mich. 2024) (*quoting Smith v. Goodwill Indus. of W. Michigan, Inc.*, 243 Mich. App. 438, 448 (2000)).

DocNetwork concedes that Spencer's Complaint pleads the first three elements of a Title VII or ELCRA gender discrimination claim. ECF No. 4, PageID.25, PageID.33-34. However, DocNetwork argues that Spencer fails to state a claim for gender discrimination, because she failed to adequately plead the fourth element: that Spencer was replaced by a person outside the protected class—women—or that similarly situated persons outside Spencer's protected class were treated more favorably or unaffected by DocNetwork's adverse conduct. *Id.* at PageID.25, PageID.34-36. The Court agrees.

It is true that Spencer's factual allegations are brief. She alleges that she frequently made her voice heard at work about the representation of women and people of color, and that she was a member of a subcommittee that sought to improve their representation. ECF No. 1, PageID.3. She pointed out to others at work that there was a lack of representation of women in management, and spoke to the company's owner about it—something which Spencer says her manager criticized her for doing. *Id.* at PageID.3-4. Spencer alleges that she refused her manager's request to read a book on her own time and be prepared to discuss it. *Id.* at PageID.4. The next morning, Spencer's employment was terminated, for the stated reason of not being sufficiently mindful. *Id.*

5

Nowhere in the Complaint does Spencer allege that she was replaced by a person who was not a woman. Nor does she plead that similarly situated employees who were not women were treated differently, that is, she does not allege that any male colleagues in her company criticized management but were not terminated. Spencer argues that the fact that women at DocNetwork were underrepresented in management shows that she was treated differently than similarly situated people. ECF No. 5, PageID.47-48. But nothing in her complaint contains a specific allegation that she was similarly situated to a male employee who received a management role that she was denied. Nor does Spencer suggest that she was made to perform uncompensated work, while male coworkers were not. The general allegation that women at DocNetwork were discriminated against does not meet the fourth element, which requires that a plaintiff allege facts showing that she "was replaced by a person outside the protected class, or that similarly situated non-protected employees were treated more favorably

Spencer cannot state a claim for sex discrimination under Title VII or ELCRA without pleading that she was treated differently than another person outside of her protected class who was in a similar situation. Because she has not done so, Spencer's claims for sex discrimination are **DISMISSED WITHOUT PREJUDICE**.

6

### B. Spencer States Claims for Title VII and ELCRA Retaliation

Spencer alleges that she engaged in protected activity under Title VII and ELCRA by "complaining about the lack of representation of women and people of color at work, and the lack of women in management." ECF No. 1, PageID.5-6 (Count IV carries the title "Discrimination (ELCRA)", but the allegations in that count state the elements of retaliation).

To establish a prima facie case of retaliation, Spencer must show that (1) she engaged in protected activity; (2) that defendant knew of this exercise of her protected rights; (3) that defendant consequently took an employment action adverse to plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." ECF No. 4, PageID.26 (*citing Fenton v. HiSan, Inc.*, 174 F.3d 827, 831 (6th Cir. 1999)).

DocNetwork argues that Spencer has not stated the fourth element: causation. ECF No. 4, PageID.26. Spencer alleges that her termination was, in part, retaliation for her protected activity of complaining about a lack of representation at DocNetwork. ECF No. 5, PageID.49-50.

DocNetwork argues that it encouraged discussion about representation by sponsoring the representation subcommittee. ECF No. 4, PageID.26. DocNetwork points out that courts hold that compelling evidence that a retaliation defendant encouraged the complaints in

7

question can defeat the inference of retaliation created when a defendant takes action against someone engaging in protected activity shortly after the fact. ECF No. 4, PageID.27, *citing Moon v. Transport Drivers, Inc.*, 836 F.3d 226, 229 (6th Cir. 1987). DocNetwork also argues that Spencer was fired the day after she refused to read a book that her manager told her to read, and that the closeness between those two actions shows that her refusal was the reason why she was terminated, not any protected activity. ECF No. 4, PageID.27.

But this is a motion to dismiss, not a motion for summary judgment or a trial. At this stage, the Court must "construe the pleading in favor of the non-moving party and shall accept the well pleaded facts as true." ECF No. 4, PageID.23 (*citing Jones v. City of Carlisle, Ky.*, 2 F.3d 945, 947 (6th Cir. 1993)). Spencer need only "state a claim to relief that is plausible on its face." ECF No. 5, PageID.43 (*quoting Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)). Here, the Court must accept the well pleaded facts as true that Spencer's employment was terminated a few weeks after her manager criticized her for the way she spoke to DocNetwork's owner about a lack of representation of women in management. ECF No. 1, PageID.4.

While there were other reasons why her employment could have been terminated, and while DocNetwork may have taken *some* actions to encourage statements about representation, the Court must construe the allegations in the complaint in the light most favorable to Spencer. Doing

8

so, it is apparent that she has stated a claim for relief that is *plausible*. *See Hensley Mfg.*, 579 F.3d at 609. It is *plausible* that where, as alleged, Spencer engaged in protected activity, her manager criticized her for doing so, and she was fired two weeks later, that Spencer suffered retaliation for engaging in protected activity. There is more than the mere possibility that DocNetwork acted unlawfully, and that it was Spencer's outspokenness and criticism of the company that caused her to be terminated. *See* ECF No. 4, PageID.23 (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). DocNetwork mounts a plausible defense as to why it believes that Spencer was not retaliated against based on protected activity related to her sex. But DocNetwork has not shown that Spencer's claim is *implausible*, or that she fails to state a claim at all. Therefore, insofar as DocNetwork's Motion to Dismiss seeks the dismissal of Spencer's retaliation claims, DocNetwork's Motion is **DENIED**.

    **C.**    **Spencer States a Claim for FLSA Retaliation**

Spencer claims that DocNetwork unlawfully retaliated against her for protected activity under FLSA. ECF No. 1, PageID.6-7. DocNetwork argues that this claim should be dismissed: first, DocNetwork argues that Spencer lacks standing to pursue this claim, because she was exempt from FLSA's protections. Second, DocNetwork argues that Spencer's conduct did not put DocNetwork on notice that she was complaining about a violation of FLSA.

9

### 1.   Employees who are Exempt from FLSA Protection may Still State a Claim for Retaliation

DocNetwork argues that "[e]ven if . . . Plaintiff has adequately pled the elements of retaliation under the FLSA . . . Plaintiff's claim fails because she is an exempt employee under the FLSA." ECF No. 4, PageID.30. DocNetwork argues that Spencer cannot claim protection under the FLSA because of the "administrative exemption," which exempts certain administrative employees from FLSA coverage. *Id.* at PageID.31-32.

However, other courts have considered the question of whether exempt employees may still claim retaliation under FLSA, and the weight of authority holds that they may. In *Wirtz v. Ross Packaging Co.*, 367 F.2d 549, 550-51 (5th Cir. 1966), the court reversed a district court's refusal to award relief to a retaliated-against employee, where the refusal was based on the district court's finding that the employed was not covered by FLSA's wage and hour provisions. Rather, the Fifth Circuit held that FLSA prohibits retaliation against "any employee," and that the employee need not be covered by FLSA's wage and hour provisions for the prohibition against retaliation to apply. *Id.*

Other courts have directly applied the *Wirtz* rule to the situation here, where an arguably exempt employee seeks to bring a retaliation claim. For the most part, they have held that "a plaintiff may assert a retaliation claim even where he is an exempt employee, so long as he

10

establishes his *prima facie* case for retaliation." *Nightingale v. Wal-Mart Stores Inc.*, No. 1:13-CV-571, 2015 WL 1719421, at *2 (S.D. Ohio Apr. 15, 2015)(Black, J.,) *quoting Visco v. Aiken Cnty.*, S.C., 974 F. Supp. 2d 908, 925-26 (D.S.C. 2013) (which cites *Wirtz*, as well as *Cedano v. Alexim Trading Corp.*, No. 11–20600–CIV, 2011 WL 5239592, at *4 (S.D.Fla. Nov. 1, 2011) ("Plaintiffs' exemption from the protections of the wage and hour provisions of the FLSA does not preclude them from bringing a claim under the retaliatory firing provision of the FLSA")).

Although some courts have held otherwise, *see Leffler v. Creative Health Servs., Inc.*, No. CV 16-1443, 2017 WL 4347610, at *8 (E.D. Pa. Sept. 29, 2017) ("Non-covered employees cannot assert a good faith claim under the FLSA."), the *Wirtz* position appears better reasoned: FLSA prohibits "any person . . . . to discharge or in any other manner discriminate against **any employee** because such employee has filed any complaint . . . [under FLSA]." 29 U.S.C. § 215(a)(3) (emphasis added). FLSA does not only prohibit retaliation against 'any employee who is covered by FLSA's regulations who files a related complaint,' but against *any* employee. *See Wirtz*, 367 F.2d at 550-51 (comparing § 215(a)(3) to the wage and hour provisions of FLSA, which apply only to covered employees); *Visco*, 974 F. Supp. 2d at 925-26. Because FLSA prohibits discrimination against any employee, not just covered employees, the fact that Spencer, as alleged, was exempt from FLSA does not prevent her from stating a claim for retaliation prohibited by FLSA.

11

### 2. Spencer's Fact Allegations of FLSA Retaliation Are Sufficient

DocNetwork disputes that Spencer has alleged that she engaged in protected activity under FLSA, as is required to state a claim for FLSA retaliation. ECF No. 4, PageID.28-30; ECF No. 5, PageID.52 (*citing Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006)). Spencer's factual allegations related to her FLSA claim are reproduced below:

> During a "training team meeting" held on November 15, 2023, Ms. Spencer . . . was directed by her training manager Phil Owen to read a book on her own time (uncompensated) and to be prepared to discuss it at work. Ms. Spencer expressed opposition to this, politely declining to do so if it was uncompensated, and that it wouldn't be the best use of her time. The next morning, November 16, 2023, she was called to a meeting with Mr. Owen who told her she was being terminated for not being sufficiently "mindful" or practicing "mindfulness."

ECF No. 1, PageID.4 (internal formatting removed).

"To fall within the scope of the [FLSA] antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

Here, Spencer's complaint, interpreted in the light most favorable to her as the nonmoving party, was that she refused to perform unpaid overtime. Courts find that refusing to work for free can be protected

12

activity under FLSA. *See Wilke v. Salamone*, 404 F. Supp. 2d 1040, 1046-48 (N.D. Ill. 2005). Spencer has therefore pled that she engaged in protected activity to an extent that allows her to survive a Motion to Dismiss.

DocNetwork responds by asserting that Spencer was exempt from FLSA's protections as an administrative employee. *See* ECF No. 4, PageID.31, *citing Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 581 (6th Cir. 2004). And under the logic and caselaw of *Kasten*, courts find that where employees are exempt from the protections of FLSA, employers may not understand a complaint as an assertion of rights protected by the statute. *See Keith v. Univ. of Miami*, 437 F. Supp. 3d 1167, 1171-73 (S.D. Fla. 2020) (holding that because the plaintiff, as a teacher, was explicitly exempt from FLSA, no reasonable employer could have perceived her complaint about overtime pay to have been an assertion of her rights under FLSA).

However, at the motion to dismiss stage, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys*, 684 F.3d at 608. DocNetwork argues that Spencer is exempt from FLSA protections under the "short test" for administrative employees, which would require that Spencer's primary work duties "includ[e] work requiring the exercise of discretion or independent judgment." ECF No. 4, PageID.31 (*quoting Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 581 (6th Cir. 2004)).

In determining whether an employee exercises discretion or independent judgments, courts examine whether the employee had an ability to "waive or deviate from established policies and procedures without prior approval," and whether the employee's "responsibilities involved little more than 'use of skill in applying well-established techniques . . . .'" *Perry v. Randstad Gen. Partner (US) LLC*, 876 F.3d 191, 210 (6th Cir. 2017) (*quoting* 24 C.F.R. § 541.202(e); § 541.202(b)).

Construing the complaint in the light most favorable to Spencer, it is unclear whether Spencer's role required her to exercise discretion or independent judgment. Her role was "instructional designer," and she created "training content for clients and DocNetwork staff." ECF No. 1, PageID.3. It may be that after discovery, DocNetwork will be able to show that there is no genuine issue of fact on the question of whether Spencer was exempt from FLSA's protections. If so, DocNetwork could renew their argument that because Spencer was exempt, her complaint could not have been understood as invoking FLSA's protections. But this argument does not justify dismissing Spencer's claim of FLSA retaliation yet. DocNetwork's Motion to Dismiss it is **DENIED**.

## IV. CONCLUSION

DocNetwork's Motion to Dismiss is **GRANTED** as it relates to Spencer's claims for Title VII and ELCRA discrimination and **DENIED** as it relates to Plaintiff's claims for Title VII and ELCRA retaliation and FLSA retaliation. The dismissed claims are dismissed **WITHOUT**

**PREJUDICE**. "When a motion to dismiss is granted in a case . . . the usual practice is to grant plaintiffs leave to amend the complaint. Generally, leave to amend is 'freely given when justice so requires.'" *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004) (*quoting Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002), *and* Fed. R. Civ. P. 15(a)). Here, justice so requires. Spencer may either proceed on her remaining claim for Title VII retaliation, or alternatively may file an amended complaint that states a claim on the dismissed counts. It is **ORDERED** that any such amended complaint be filed within thirty days of this Order.

    **SO ORDERED**.

Dated: June 23, 2025        /s/Terrence G. Berg
                                      HON. TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE